**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHANNON GUICE,<br>     Petitioner,<br>v.<br>FEDERAL TRADE COMMISSION,<br>     Respondent. | Case No. 20-mc-87 (CKK) |

**MEMORANDUM OPINION**
(April 9, 2021)

In December 2018, the Federal Trade Commission ("FTC") secured an order from District Judge Carlos E. Mendoza of the Middle District of Florida, enjoining Mr. Kevin Guice from participating in telemarketing activities. *See* Order & Permanent Injunction, ECF No. 3-1, at 40–41. Judge Mendoza's order also permits the FTC to monitor Mr. Guice's compliance therewith, including through the use of depositions and subpoenas. *See id.* at 50–51. While monitoring Mr. Guice's subsequent compliance with Judge Mendoza's order, the FTC found cause to believe that Mr. Guice was participating in additional telemarketing activities and using his immediate family's PayPal accounts to funnel money from these activities back to himself. *See* FTC Opp'n, ECF No. 3, at 2–5.

Accordingly, on August 17, 2020, the FTC issued a subpoena to PayPal Holding, Inc. ("PayPal") requesting the production of financial records related to Mr. Kevin Guice. *See* FTC Subpoena, ECF No. 3-2, at 1. PayPal is located in San Jose, California, and the FTC's subpoena requests that PayPal produce responsive documents to the FTC's San Francisco office in the Northern District of California. *See id.* Among other things, the FTC's subpoena requests production of PayPal records relating to Mr. Guice's wife, Ms. Shannon Guice. *See* FTC Opp'n, ECF No. 3, at 5. In turn, Ms. Shannon Guice has now filed with this Court a motion to quash the

1

FTC's third-party subpoena and to enter a related protective order shielding her PayPal account from the FTC's subpoena. The FTC opposes Ms. Shannon Guice's motions.

Federal Rule of Civil Procedure 45(d)(3) states that motions to quash or modify a subpoena must be filed with "the court for the district where compliance is required." The Advisory Committee notes to the rule further explain that "subpoena-related motions and applications are to be made to the court where compliance is required. . . . " Fed. R. Civ. P. 45 Advisory Committee's Notes on 2013 amendments; *see also United States v. Preston*, No. CV 13-00265 (RC), 2015 WL 13708609, at *2 (D.D.C. Aug. 24, 2015) (explaining that a motion addressing subpoena compliance must be filed in the district where compliance will occur). Here, Ms. Shannon Guice seeks to quash a subpoena requesting that PayPal produce records to the FTC in San Francisco, California. *See* FTC Subpoena, ECF No. 3-2, at 1. Pursuant to Rule 45(d)(3), Ms. Shannon Guice must, therefore, file any motions to quash or modify this subpoena within the North District of California, the judicial district comprising San Francisco, California and "where compliance is required." Fed. R. Civ. P. 45(d)(3). Consequently, this Court does not have jurisdiction to adjudicate Ms. Shannon Guice's motion to quash, or her related request for a protective order. The Court will, therefore, **DENY WITHOUT PREJUDICE** Ms. Shannon Guice's [2] Motion to Quash and [1] Motion for Protective Order.

An appropriate order accompanies this Memorandum Opinion.

**Date**: April 9, 2021

                                                           /s/
                                                 COLLEEN KOLLAR-KOTELLY
                                                 United States District Judge